IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| EVANGELINA ALVAREZ,     §<br>Plaintiff,     § <br>     §<br>     §<br>v.     §     No.  EP-15-CV-267-ATB<br>     §<br>     §<br>CAROLYN W. COLVIN,     §<br>Acting Commissioner of the     §<br>Social Security Administration,     §<br>Defendant.     § | |

### MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act.  For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

#### I.     PROCEDURAL HISTORY

On May 17, 2012, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of April 12, 2012.  (R. 173, 181).  Her applications were denied initially and denied upon reconsideration.  (R. 56, 66).  Plaintiff filed a request for a hearing, which was held on January

23, 2014. (R. 30-49, 82). The Administrative Law Judge ("ALJ") issued a decision on June 23, 2014, denying benefits. (R. 16-25). Subsequently, the Appeals Council denied review. (R. 1-3).

## II.   ISSUE

Plaintiff presents the following issue for review:

> 1. Whether the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence. (Pl.'s Br. 2, ECF No. 20).

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to consider all of Plaintiff limitations and subjective complaints in finding that Plaintiff can perform the strength demands of medium work.[1] (*Id.* at 3-8). Specifically, Plaintiff claims that her testimony, along with the medical evidence, demonstrates that her impairments restrict her ability to lift, sit, stand, and walk as required by medium work and that the ALJ erroneously found that Plaintiff was able to perform her past relevant work. (*Id.*) Additionally, Plaintiff argues that the ALJ failed to give the proper weight to the opinions of Dr. Ana Maria Meza, Plaintiff's treating physician, and Dr. Enrique Porras, the consultative examiner, that the ALJ should have further developed the record by seeking clarifications from Dr. Meza and Dr. Porras, and that the ALJ was picking and choosing the evidence that supported her decision. (*Id.* at 5-7). Plaintiff contends that failure to meet the strength demands of medium

---

[1] 20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.") Additionally, SSR 83-10 states, "[a] full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects up to 25 pounds."

work required the ALJ to find that Plaintiff could perform light work[2] or sedentary work[3] and apply Medical-Vocational Guideline 201.09 or 202.09 to reach a finding that Plaintiff was disabled. (*Id.* at 7-8, citing 20 C.F.R. Part 404, Subpart P, Appendix 2). Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id.* at 8).

### III. DISCUSSION

#### A. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of "no substantial evidence" will be made "only where there is a conspicuous absence of credible

---

[2] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."). Additionally, SSR 83-10 states, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

[3] 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."). Additionally, SSR 83-10 states, "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday."

choices or no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo,* or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.   Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once the claimant meets that burden, it shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989) (per curiam).

In the present case, the ALJ found that Plaintiff had the following severe impairments: sciatica, hypertension, and diabetes mellitus. (R. 18). The ALJ also found that Plaintiff had the following non-severe impairments: degenerative disc disease of the lumbar spine and depression. (R. 19-20). The ALJ determined that Plaintiff did not have an impairment or combination of

impairments that met or medically equaled the listed impairments. (R. 20). In doing so, the ALJ determined that Plaintiff's impairments did not meet the criteria of listing 1.04, Disorders of the Spine, and listing 9.0B5, Diabetes Mellitus and Other Pancreatic Gland Disorders. (R. 20; *see* 20 C.F.R. Part 404, Subpart P, Appendix 1). After considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform medium work, limited insofar as "she should avoid concentrated exposure to hazards and heights due to allegations of dizziness." (R. 20). The ALJ then determined that Plaintiff was able to perform her past relevant work as a janitor, cook helper, and hand packager as actually and generally performed. (R. 24). Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision. (R. 24).

C. The ALJ's Determination of Plaintiff's RFC

Plaintiff contends that substantial evidence does not support the ALJ's RFC determination because the ALJ failed to properly consider all of Plaintiff's limitations and subjective complaints related to her ability to lift, sit, stand, and walk as required by medium work. (Pl.'s Br. 4-8, ECF No. 20). She argues that her testimony and the medical record supports her position that she is unable to perform medium work and, therefore, that the ALJ's RFC determination is tainted. (*Id.*) Plaintiff further argues that her inability to meet the strength demands of medium work required the ALJ to find that Plaintiff could perform light work or sedentary work and that Plaintiff was disabled under Medical-Vocational Guideline 201.09 or 202.09. (*Id.* at 7-8).

RFC is the most an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must

consider all the record evidence and determine the plaintiff's abilities despite his or her physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is the plaintiff's burden to establish disability and to provide or identify medical and other evidence of his or her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). The plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

**D.   Analysis**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error. (Pl.'s Br. 2, ECF No. 20). In particular, Plaintiff argues that the ALJ did not properly consider Plaintiff's limitations and subjective complaints with regard to her ability to lift, sit, stand, and walk when determining Plaintiff's RFC. (*Id.* at 4-8). Plaintiff further argues that the ALJ failed to give the proper weight to the opinions of Dr. Meza and Dr. Porras, that the ALJ should have further developed the record by seeking clarifications from Dr. Meza and Dr. Porras, and that the ALJ was picking and choosing the evidence that supported her decision. (*Id.* at 5-7). More specifically, Plaintiff argues that Dr. Meza's opinion, that Plaintiff

has a permanent mobility impairment, and Dr. Porras' opinion, that Plaintiff should be limited to jobs that do not require demanding physical activity, should have been given more weight by the ALJ.  (*Id.* at 5-7).  Plaintiff maintains that the ALJ's faulty RFC determination taints the remaining steps of the sequential evaluation process and that, if the ALJ limited Plaintiff to light work or sedentary work, Medical-Vocational Guideline 201.09 or 202.09 would have required the ALJ to find that Plaintiff was disabled.  (*Id.* at 7-9, citing 20 C.F.R. Part 404, Subpart P, Appendix 2).

The Commissioner responds by arguing that substantial evidence supports the ALJ's RFC determination because the ALJ properly considered all of the relevant evidence, including Plaintiff's medical history, medical observations, effects of treatment, effects of symptoms, medical signs and laboratory findings, and Plaintiff's daily activities.  (Defs.' Am. Br. 2, ECF No. 24).[4]  The Commissioner contends that the ALJ properly assigned less weight to Dr. Porras' opinion and little weight to Dr. Meza's opinion because those opinions concerned issues reserved to the Commissioner.  (*Id.* at 3-6).  The Commissioner claims that Plaintiff failed to identify any prejudice due to the alleged failure by the ALJ to request clarification from Dr. Meza or Dr. Porras regarding their opinions.  (*Id.* at 8-10).  The Commissioner also argues that the record does not support an award of benefits because the record does not contain uncontroverted evidence of disability.  (*Id.* at 10, citing *Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990)).  Therefore, the Commissioner requests that the Court affirm the ALJ's decision.  (*Id.*)

A review of the record evidence indicates that there is substantial evidence to support the ALJ's conclusion that Plaintiff retained the capacity to perform a limited range of medium work.  Furthermore, the record clearly demonstrates that the ALJ took into account all of the evidence

---

[4] Defendant's Brief originally contained the name of the former United States Attorney for the Western District of Texas and was amended solely for the purpose of correcting that error.  (*See* Defs.' Br. 10, ECF No. 21; Def.'s Am. Br. 1 n.1, 10, ECF No. 22).

regarding Plaintiff's limitations and subjective complaints.  Moreover, the ALJ properly discounted the opinions of Dr. Meza and Dr. Porras, did not err in developing the record, and did not pick and choose the evidence which best supported her decision.  Consequently, the ALJ did not err in her RFC determination and she was not required to apply Medical-Vocational Guideline 201.09 or 202.09.

The Court finds that Plaintiff's records from Dr. Meza at La Fe Clinic provide substantial evidence supporting the ALJ's RFC determination.  From 2010 to 2013, Plaintiff visited La Fe Clinic fifteen times for various ailments and appointments.[5]  On March 5, 2012, x-rays ordered by Dr. Meza of Plaintiff's left hip, lumbar spine, and chest revealed normal results.  (R. 332-33, 336).  On March 19, 2012, Plaintiff presented with diabetes for "[p]reventive [m]edicine [c]ounseling."  (R. 291).  The record does not indicate that a physical examination was performed other than checking Plaintiff's vital signs.  (R. 291).  Handwritten notes from that visit indicate that Plaintiff was working and walked while at work.  (R. 293).

On August 31, 2012, March 12, 2013, April 9, 2013, and November 11, 2013, Plaintiff presented with diabetes and hypertension.  (R. 359, 367, 371, 406).  During the August 31, 2012 visit, the April 9, 2013 visit, and the November 11, 2013 visit, Plaintiff presented with limb pain, leg cramping, and occasional headaches and bilateral leg pain at night, respectively.  (R. 359, 371, 406).  Plaintiff stated that her limb pain radiated from her left leg to her foot, that the pain was aggravated by bending and movement, and that it was helped by medication.  (R. 359). Plaintiff stated that her leg cramping began two weeks earlier, that it was a 7/10 on the pain

---

[5] The examination dates are December 12, 2010, December 20, 2010, January 11, 2011, April 12, 2011, May 26, 2011, August 3, 2011, October 13, 2011, December 1, 2011, March 1, 2012, March 19, 2012, August 31, 2012, December 7, 2012, March 12, 2013, April 9, 2013, and November 11, 2013.  (R. 288-343, 359-62, 365-73, 406-10). Plaintiff argues that during her visits on August 31, 2012, March 12, 2013, and April 9, 2013, she was assessed with conditions that affect her ability to lift, sit, stand, and walk.  (*See* Pl.'s Br. 4, ECF No. 20, citing R. 359, 361, 369, 373).  Therefore, the Court addresses these visits along with other pertinent records.

scale, and that it occurred at night. (R. 371). As to Plaintiff's occasional headaches and bilateral leg pain at night, she did not provide further details but stated she was not in pain during the visit. (R. 406). Plaintiff mentioned no other subjective complaints and all of the physical examinations from these visits were normal. (R. 359-61, 367-69, 371-72, 406-08). At the August 31, 2012 visit, Plaintiff was assessed with type II diabetes-uncontrolled, pain in her limb, and sciatica. (R. 361). At the March 12, 2013 visit, Plaintiff was assessed with type II diabetes with neurological manifestations, breast screening-unspecified, and sciatica. (R. 369). At the April 9, 2013 visit, Plaintiff was assessed with type II diabetes without complication, depression, low back pain radiating to both legs, personal history of smoking, and unspecified essential hypertension. (R. 372-73). At the November 11, 2013 visit, Plaintiff was assessed with unspecified essential hypertension, type II diabetes with neurological manifestations, and it was noted that Plaintiff should see a podiatrist for a complete foot exam related to her diabetes. (R. 409). Plaintiff also underwent an MRI of her lumbar spine on April 1, 2013, which revealed "[m]ild multilevel degenerative discopathic changes," a "right foraminal protrusion of L4-L5 intervertebral disc without significant spinal canal or neuroforamina stenosis, negative for mechanical compression or displacement of the nerve roots," and a "protrusion of L5-S1 intervertebral disc into the right subarticular lateral recess contacting the ipsilateral traversing (S1) nerve root." (R. 378).

Although Dr. Meza's records contain some complaints of leg pain and diagnoses of sciatica, limb pain, back pain, and leg pain, the medical evidence fails to establish any limitations found by Dr. Meza in her reports as a result of these diagnoses. (R. 288-343, 359-62, 365-73, 406-10). Moreover, all of Plaintiff's physical examinations were normal. The ALJ's decision establishes that she took into account the evidence from Plaintiff's visits with Dr. Meza and

determined that Plaintiff was not as restricted as she claimed. (R. 22). Accordingly, the Court finds that the medical evidence from Dr. Meza provides substantial evidence supporting the ALJ's RFC determination.

The Court further finds that the ALJ did not commit error in assigning little weight to Dr. Meza's opinion from the July 22, 2013 letter which states that Plaintiff "has [p]ermanent mobility impairment which interferes with ambulation and is not controlled with medical management, [d]isability applies to section 7 of application." (R. 382). The ALJ assigned little weight to the opinion because it is not supported by the objective medical evidence and it was made for a purpose other than Social Security Disability. (R. 23). The Court's review of Dr. Meza's medical records, as set forth above, demonstrates that the ALJ properly determined that Dr. Meza's opinion was not supported by the objective medical evidence because it does not contain anything to merit the stated disability. Additionally, the Court finds that Dr. Meza's opinion was made for a purpose other than Social Security Disability and that that determination is not binding on the Commissioner. *See* 20 C.F.R. §§ 404.1504, 416.904. The Court is further persuaded by the Commissioner's argument that the ALJ was not required to give controlling weight to Dr. Meza's opinion because her opinion that Plaintiff was disabled concerns an issue reserved to the Commissioner. (*See* Def.'s Am. Br. 5-6, ECF No. 24, citing *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (per curiam); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (citing *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) (per curiam); 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1)); SSR 96-5p). Moreover, the Court finds that, because the ALJ properly determined that the objective medical evidence did not support Dr. Meza's opinion, the ALJ was not required to address the factors set forth in 20 C.F.R. § 404.1527(c) regarding an issue reserved to the Commissioner. (*See id.* at 6-7, citing *Villalpando v. Astrue*, 320 F. App'x

208, 211 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Frank*, 326 F.3d at 620); *Ciccotti v. Astrue*, Civ. A. No. SA-09-CV-969-XR, 2010 WL 3022775, at *13 (W.D. Tex. July 28, 2010)). Therefore, the Court finds that the ALJ did not commit error in assigning little weight to Dr. Meza's opinion from the July 22, 2013 letter.

The Court also finds that Dr. Porras' report provides substantial evidence supporting the ALJ's RFC determination. On August 5, 2012, Plaintiff presented to Dr. Porras with allegations of fatigue, shortness of breath, and pain in the lower left extremity radiating down her left leg. (R. 345). Upon physical examination, Dr. Porras observed normal lung function, normal heart function, no joint swelling or edema, intact range of motion in Plaintiff's cervical spine, shoulders, elbows, wrists and hands, thumbs, hips, knees, and thoracolumbar area, some tenderness in the thoracic spine and lumbar axis, normal gait, normal tandem walking, normal toe walking, normal squatting, and fair kneeling, hopping, and climbing. (R. 347-48). Dr. Porras diagnosed Plaintiff with "[l]eft sciatica syndrome with hip enthesopathy most likely trochanteric and gluteus medium bursitis," type II diabetes, clinical depression, dyspnea and wheezing without a diagnosis of asthma, hyperlipidemia, and refractive visual defect. (R. 349). Dr. Porras commented that "[t]here is evidence of limited endurance to demanding physical activity and perhaps jobs of a very physical nature, however less of an issue for clerical activities and intellectual occupations." (R. 349). Dr. Porras, however, imposed no limitations on Plaintiff's ability to lift, sit, stand, and walk and the ALJ specifically stated that Dr. Porras did not mention limitations. (R. 23). The ALJ assigned Dr. Porras' opinion "substantial but not significant weight as his objective examination and the assessments of record support[] a finding that [Plaintiff] is capable of working." (R. 23). Although the ALJ did not analyze Dr. Porras' comment regarding Plaintiff's ability to perform work that is "of a very physical nature," the

Court finds that Dr. Porras' comment provides no specific functional limitations beyond those in the ALJ's RFC determination and that the comment regarding Plaintiff's ability to perform work addresses an issue reserved to the Commissioner regarding Plaintiff's exertional range. (*See* Def.'s Am. Br. 3-4, ECF No. 24, citing SSR 96-5p). Therefore, the Court finds that Dr. Porras' report provides substantial evidence supporting the ALJ's RFC determination.

The Court finds that Plaintiff's records from Dr. Fredric Lax at University Medical Center provide substantial evidence supporting the ALJ's RFC determination. On June 28, 2013, Plaintiff presented to Dr. Lax with allegations of low back pain that radiated down her left side and minimally down her right side. (R. 379). Upon physical examination, Dr. Lax observed excellent bulk, tone, and power throughout the motor examination with a modicum of guarding the lower extremities, normal gait, symmetrically performed toe raises and heel walks, no hip extension during seated or straight leg raising, a mild right paraspinal spasm, and a left paraspinal spasm. (R. 379). Upon review of Plaintiff's MRI, Dr. Lax noted mild to moderate degenerative disc disease at multiple levels and two "very small" disc herniations without significant nerve root compression. (R. 380). Dr. Lax stated that Plaintiff did "not have surgical disease of the back" but rather a degenerative disc problem. (R. 380). Dr. Lax encouraged Plaintiff to continue with physical therapy. (R. 380). Dr. Lax, however, imposed no limitations on Plaintiff's ability to lift, sit, stand, and walk. Therefore, the Court finds that Dr. Lax's medical records provide substantial evidence supporting the ALJ's RFC determination.

The Court rejects Plaintiff's argument that her testimony and subjective complaints required the ALJ to find that she could not meet the strength demands of medium work. (Pl.'s Br. 4, ECF No. 20). A review of Plaintiff's testimony regarding her functional limitations demonstrates that it is inconsistent with record evidence. Plaintiff testified that she stopped

working because she has back pain, leg pain, neck pain, shoulder pain, arm pain, and waist pain which did not allow her to perform heavy lifting and walking.  (R. 37, 40).  Additionally, Plaintiff testified that she can walk for one block and a half before having to rest, she can sit for twenty to twenty-five minutes, and she cannot lift more than ten pounds.  (R. 37, 40).  Plaintiff's report regarding her daily activities indicate that she has no problems with her personal care, that she is able to prepare her own meals, that she can perform household chores, that she goes outside and walks, that she is able to shop, that she attends social events, and that she has no problems with sitting or standing.  (R. 230-35).

The ALJ determined that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms was not credible to the extent her testimony was inconsistent with the ALJ's RFC determination.  (R. 21-24).  This is "precisely the kind[] of determination[] that the ALJ is best positioned to make" as the ALJ "enjoys the benefit of perceiving first-hand [Plaintiff] at the hearing."  *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).  Additionally, the ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record.  *See Morris*, 864 F.2d at 336.  Here, the ALJ specifically determined that Plaintiff had undergone limited and conservative treatment, that she was encouraged to exercise, and that her daily activities indicated that she was not disabled.  (R. 23-24).  Therefore, the Court finds that the ALJ properly determined Plaintiff's credibility.

The Court further rejects Plaintiff's argument that the ALJ did not fully develop the record and that she was picking and choosing the evidence which best supported her decision.  (Pl.'s Br. 5-7, ECF No. 20).  It is the ALJ's duty to "develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001) (quoting *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)).  "The failure of the ALJ to develop

an adequate record is not, however, ground for reversal per se." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). The plaintiff must demonstrate prejudice by showing that additional evidence would have led to a different decision. *Id.* Additionally, "it is clear that the ALJ must consider all the record evidence and cannot pick and choose only the evidence that supports his [or her] position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (internal quotation marks and citations omitted). In assessing the evidence, however, it was not necessary for the ALJ to summarize and discuss every piece of record evidence in the decision. *Falco*, 27 F.3d at 164 (holding that the ALJ does not have to "follow formalistic rules in his articulation" of the record evidence). Although Plaintiff argues that the ALJ could have further developed the record by seeking clarification from Dr. Meza and Dr. Porras, Plaintiff fails to establish any prejudice because she fails to argue how additional evidence may have led to a different decision. The ALJ held the record open for additional evidence from Dr. Meza, who had refused to provide a Medical Source Statement. (R. 48-49). While Plaintiff argues that the ALJ should have developed the record further, the Court has already determined that the statements by Dr. Meza and Dr. Porras concerned issues reserved to the Commissioner and were properly given less than controlling weight. Furthermore, a review of the record indicates that it is clear from the ALJ's decision that she considered the entire record when reaching her determination that Plaintiff was not disabled. Therefore, the Court finds that the ALJ did not commit error in failing to fully develop the record or by picking and choosing the evidence which best supported her decision

      As the Court finds that substantial evidence supports the ALJ's RFC determination, the Court rejects Plaintiff's argument that the ALJ erred by failing to apply Medical-Vocational Guideline 201.09 or 202.09. (Pl.'s Br. 7-8, ECF No. 20). The ALJ properly determined that Plaintiff could perform a limited range of medium work and through the medical evidence, the

RFC determination, and the vocational expert's testimony, determined that Plaintiff was able to perform her past relevant work as actually and generally performed. As a result, the record does not support an award of benefits. *See Ivy*, 898 F.2d at 1049. Therefore, the Court finds that the Commissioner's decision should be affirmed.

### IV. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 5th day of August, 2016.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**